## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

FELIX LAWRENCE

      *Plaintiff,*

      v.

MERCER COUNTY PROBATION,
DIVISION CHILD SUPPORT
ENFORCEMENT,
      *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No:
17-cv-13693 (PGS)(TJB)


**MEMORANDUM
AND ORDER**

      Presently before the Court is Defendant, New Jersey Judiciary, Mercer Vicinage Probation Division, Child Support Enforcement Unit's Motion to Dismiss Plaintiff Felix Lawrence's Complaint (ECF No. 8) pursuant Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons discussed herein, Defendant's motion is granted.

### BACKGROUND

      Plaintiff's Complaint is difficult to understand. It appears that Plaintiff's Complaint is based on an August 29, 2017 child support judgment, and the State's efforts to enforce the order. On April 7, 2017, Plaintiff received a "Notice of Reporting to Credit Agencies" letter, which reported that Plaintiff owed $9,943.00 in past due child support and that Defendant would be reporting this information to credit bureaus and lending institutions. (ECF No. 1-1 at 17 "Notice of Reporting Letter"). On July 27, 2017, Plaintiff responded to this letter, claiming that Defendant failed to provide any evidence supporting its claim that Plaintiff owed the amount listed. (ECF No. 1-1 at 15-16, "July Response Letter"). In his letter, Plaintiff also demanded an opportunity to inspect and copy Defendant's records. (*Id.*).

On August 29, 2017, Plaintiff's child support arrears totaled $13,529.00, and Plaintiff was ordered to make a lump sum payment of $1,000 by September 15, 2017, and weekly payments of $200. (ECF No. 1-1 at 2-3, "Child Support Judgment"). Plaintiff failed to make any payments. As such, a Notice of Delinquency was sent to Plaintiff on September 20, 2017. (ECF No. 1-1 at 12, "Delinquency Letter"). According to the Notice, no payment has been posted to his child support account and, as of the date of the Notice, his current balance owed was $14,018.00 (*Id.*). Plaintiff responded to this Notice five days later contesting his status as a debtor and demanding proof for the amount owed. (ECF No. 1-1 at 20-21, "September Response Letter").

In any event, on November 27, 2017, Defendant levied uneventfully upon Plaintiff's bank account and filed notice with state and federal tax collectors that it was levying on all tax refunds. There was insufficient funds in his account, and Defendant did not collect any funds. (ECF No. 1-1 at 19, "US Bank Letter").

Based on these actions, Plaintiff seeks for the Court to compel Defendant to produce evidence that establishes that it had jurisdiction to issue the support order, and to issue orders prohibiting Defendant from executing further collection efforts.

## LEGAL STANDARDS

### I. Rule 12(b)(1) Subject Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), a claim can be dismissed for "lack of jurisdiction over the subject matter." This motion to dismiss may be asserted at any time in a case. *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 565 (3d Cir. 2005). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). If the defendant's attack is facial, the court may take all allegations in the complaint as true and "may dismiss the complaint only if it

appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *Liu v. Gonzales*, No. 07-1797, 2007 U.S. Dist. LEXIS 74611, at *7 (D.N.J. Oct. 5, 2007).

Where, as here, Plaintiff is proceeding *pro se*, the Court should read Plaintiff's complaint generously and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, "a *pro se* plaintiff is not exempt from his burden of providing some affirmative evidence, i.e. not just mere allegations, to establish a prima facie case, and to show that there is a genuine dispute for trial." *Niblack v. Murray*, No. 12-6910, 2016 U.S. Dist. LEXIS 99325, at *7 (D.N.J. July 29, 2016) (citing *Barnett v. N.J. Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014)).

## DISCUSSION

Although Defendant seeks dismissal of Plaintiff's Complaint based on the *Rooker-Feldman* Doctrine, because this matter involves domestic relations disputes arising from child support proceedings, the Court finds that *Younger* abstention is appropriate. *See Anthony v. Council*, 316 F.3d 412, 417 (3d Cir. 2003) (applying *Younger* abstention to action challenging state court orders on child support). "[I]n order for a district court to abstain under *Younger*, three requirements must be met: (1) there must be ongoing state proceedings that are judicial in nature; (2) the state proceedings must implicate important state interests; and (3) the state proceedings must provide an adequate opportunity to raise federal claims." *Dixon v. Kuhn*, 257 F. App'x 553, 555 (3d Cir. 2007) (citing *Anthony*, 316 F.3d at 418). Here, all three factors are present.

First, judicial proceedings concerning child support orders and obligations are "ongoing." In *Anthony*, the Third Circuit explained that because "child support orders and the mechanisms for monitoring, enforcing and modifying them comprise a unique system in continual operation," they

remain "ongoing" until the child support order is finally discharged. 316 F.3d at 420. As such, under *Younger*, because New Jersey has "such a comprehensive and fluid system designed to address the ever-present and ever-changing realities of child support orders," for this Court to intervene would "constitute[] impermissible interference with pending state proceedings." *Id.* at 420-21.

Turning to the second prong, it is well established that the state proceedings implicate important state interests. "New Jersey has an overriding interest in ordering, monitoring, enforcing and modifying child support obligations. Any ruling in this action would surely affect this interest. As such, the second predicate of our *Younger* test is satisfied." *Id.* at 421.

Finally, Plaintiff had adequate opportunity to raise his federal claims in state court. In New Jersey, "child support matters are heard in the Superior Court of New Jersey, Chancery Division, Family Part." *Id.* at 422 (citing N.J. Ct. R. 5:1-1). Should the obligor disagree with any decision by the Family Part, he or she can appeal, as of right, to the Appellate Division. N.J. Ct. R. 2:2-3(a)(1). Finally, an obligor can appeal to the New Jersey Supreme Court as of right or on certification, depending on the circumstances. N.J. Ct. R. 2:2-1(a), (b). Here, Plaintiff may appear before the Family Part, which has the authority to vacate or modify his current child support obligations. If he is not satisfied, he may then appeal to the Appellate Division. However, in neither case should this matter be before this court, since a decision by this Court "would interfere with and disrupt the New Jersey court system, especially if the federal court must monitor and enforce the state courts' compliance with a federal order." *Anthony*, 316 F.3d at 421.

As such, for the foregoing reasons, the Court abstains from exercising jurisdiction and dismisses Plaintiff's Complaint against Defendant pursuant to the *Younger* abstention doctrine.

**ORDER**

Having carefully reviewed and taken into consideration the submissions of the parties; and having heard oral argument; and for good cause shown, and for all of the foregoing reasons,

IT IS on this 14th day of August, 2018,

ORDERED that Defendants' Motion to Dismiss (ECF No. 8) is GRANTED,

*The Clerk is directed to close the file.*

_____
PETER G. SHERIDAN, U.S.D.J.